**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **Prisoner's Name:** | **Darrell Jose Carter** |
| **Prisoner's Number:** | **Inmate Register No. 53527-037** |
| **Place of Confinement:** | **Federal Correctional Institution – Gilmer**<br>**P.O. Box 6000**<br>**Glenville, WV 26351** |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | Crim. No. 8:11-0288-DKC-1 |
| v. | : | |
| | | Civil No. _____ |
| **DARRELL JOSE CARTER** | : | |

## MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY

Petitioner Darrell Jose Carter, through counsel, Mary E. Davis, moves this Honorable Court pursuant to 28 U.S.C. § 2255 to vacate the judgment and sentence imposed on September 5, 2012, and grant him a new trial or sentencing. In support of this Motion, Petitioner states the following:

1. The judgment of conviction was entered in the United States District Court for the District of Maryland.

2. Petitioner was found guilty on November 23, 2011. The sentencing hearing was held on September 5, 2012 and judgment was entered on September 5, 2012. Petitioner was tried and sentenced before the Honorable Judge Deborah K. Chasanow.

3. Petitioner was sentenced to a term of imprisonment totaling 420 months.

4. Petitioner was convicted of one count of Conspiracy to Kidnap in violation of 18 U.S.C. §1201(c).

5. Petitioner entered a plea of not guilty as to all counts.

6. Petitioner had a trial by jury.

7. Petitioner did not testify in his own defense at trial.

8. Petitioner appealed his judgment. The judgment was appealed to the United States Court of Appeals for the Fourth Circuit in case number 12-4711. Petitioner raised the following grounds on appeal:

   I.     Conflict of interest of co-defendant's counsel

   II.    Court improperly admitted a text message

   III.   Court erred in applying obstruction of justice enhancement

   IV.    Court erred in denying motion to dismiss

   V.     Court erroneously applied weapons enhancement

   VI.    Court erred in not reducing offense level to reflect conspiracy not complete

   VII.   Court erred in sentencing as a career offender

9. Petitioner's conviction was affirmed on appeal in an unpublished opinion on March 13, 2015. *United States v. Edelen et al.,* No. 12-4711, 561 Fed.Appx. 226; 2014 WL 971565 (4th Cir. 2014).

10. Petitioner did not file a Petition for Rehearing or Rehearing *En Banc*.

11. On March 23, 2015, Petitioner's petition for a writ of certiorari was denied by the Supreme Court in case number 14-5241. This is the date his conviction became final.

12. Petitioner has previously filed the following: Motion to recall the Mandate on April15, 2014; Supplemental Brief on *Riley* issue on October 3, 2014; Supplemental Brief on *Johnson* issue on June 25, 2015; Petition for Writ of Mandamus on May 22, 2015; June 9, 2015, and July 2, 2015.

13. Petitioner raises the following challenges to his incarceration. As to each claim raised, Petitioner reserves the right to amend the claim and add additional arguments in an amended § 2255 motion and/or memorandum of law, once he has had the opportunity to obtain and review all relevant documents and files and after he has had the opportunity to investigate and develop facts and witnesses in support of these and/or other issues that may arise once access to all relevant information has been provided.

## I. CLAIMS RELATED TO PRE-TRIAL

    A.    TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE DID NOT REVIEW THE DISCOVERY PROVIDED TO HIM AND WAS NOT PREPARED TO TRY THE CASE

The record clearly supports the fact that counsel had not reviewed crucial items provided to him in discovery. On November 1, 2011, after the motions hearing, Carter wrote the Court asking that trial be continued because he felt counsel was not prepared to go forward. At the hearing itself, counsel put on the record that Carter voiced concern about counsel's readiness for trial. Counsel stated he had "reviewed everything that needs to be reviewed..." Counsel then represented to the Court that Carter wanted to "secure the phone records of the purported victim ..." The government responded that counsel were advised in June that the records were available for review, but counsel never responded. On November 9, 2011 counsel for a co-defendant claimed he never received information concerning the text message found on Edelen's cellphone. Again, the information had been provided in June yet counsel for Carter denied having received it.. In addition, had counsel reviewed the discovery prior to trial he would have determined that Edelen's cellphone had been searched prior to a warrant being obtained.

B. **TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN FAILED TO REQUEST THAT A CO-DEFENDANT'S ATTORNEY BE EXCUSED DUE TO CONFLICT OF INTEREST THAT AFFECTED PETITIONER'S RIGHT TO A FAIR TRIAL**

Trial counsel failed to object to co-defendant Salaam's counsel's continuing representation of Salaam despite the fact counsel labored under an actual conflict of interest. Rather Petitioner's counsel stood silent even though the conflict of interest affected trial counsel's representation of him.

C. **TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN HE FAILED TO CONDUCT ANY INVESTIGATION AND FAILED TO INTERVIEW WITNESSES**

"S*trickland* 's objective reasonableness prong requires counsel to conduct appropriate factual and legal inquiries and to allow adequate time for trial preparation and development of defense strategies. Counsel must ordinarily investigate possible methods for impeaching prosecution witnesses and in some instances failure to do so may suffice to prove a claim under *Strickland*." *Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir. 1998) (internal citations and quotation marks omitted).

Here, trial counsel made no effort to speak to William Cole ("Puffy"). Had he done so he would have been able to determine that Cole did not know Carter, thereby providing an argument that Carter had no knowledge of the planned kidnapping, thereby strengthening Carter's defense that he was present that night to steal cash and drugs. Moreover, trial counsel should have taken the appropriate steps to have Cole brought to court to testify.

Moreover, Petitioner requested that additional witnesses be interviewed. These included the individual who sued Ms. McNair for tampering with his account, the employees at a bookstore that Petitioner visited with his daughter the night prior to the alleged offense, and

4

Petitioner's girlfriend.  Petitioner also requested that his phone records be secured to show that he had no connection to Cole and to establish his whereabouts in the days and hours prior to the offense.  Counsel did none of these.

    D.    TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN HE FAILED TO MOVE TO CONTINUE THE TRIAL DATE KNOWING HE WAS NOT PREPARED TO GO FORWARD

Trial counsel failed to request a continuance despite the fact he was not prepared for trial. Counsel failed to review the discovery, failed investigate, and failed interview potential witnesses.

    E.    PETITIONER SHOULD HAVE BEEN GRANTED A HEARING ON HIS REQUEST THAT COUNSEL BE REPLACED

Petitioner submits that in the absence of a motion to continue made by trial counsel, this Court should have conducted a hearing on his request for new counsel. In this case, Petitioner advised the Court at the motions hearing and in a letter written the same evening that he felt a continuance was necessary because counsel was not prepared.  Although counsel advised the Court he had reviewed everything that needed to be reviewed, this clearly was not the case as was painfully obvious at both the motions hearing and throughout trial.  Petitioner respectfully submits that the Court should have inquired of him, as well as counsel.  As a result of Petitioner having to proceed to trial with an unprepared attorney, Carter was denied his Sixth Amendment Right to the effective assistance of counsel, resulting in his conviction and the imposition of a substantial sentence.

    F.    TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN HE FAILED TO FILE OR FAILED TO SUPPORT APPROPRIATE MOTIONS BEFORE, DURING, AND AFTER TRIAL

Counsel failed to file several motions, including but not limited to, a motion to dismiss, a motion to suppress evidence, a motion to produce favorable witnesses, a motion to preclude gun evidence, a motion to produce *Brady* information, and post-trial motions.

## II.  CLAIMS RELATED TO TRIAL

### A.   TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN HE FAILED TO MOVE PURSUANT TO *BRADY* FOR DNA ANALYSIS TO BE CONDUCTED USING A SAMPLE OBTAINED FROM LEKENDRA MCNAIR

Although the evidence strongly pointed to the fact that Lekendra McNair's DNA was on one of the firearms recovered from her home, trial counsel failed to move pursuant to *Brady* for a DNA analysis be conducted using a sample obtained from Ms. McNair.

### B.   TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN HE FAILED TO DETERMINE THAT A CELLPHONE RECOVERED FROM A CO-DEFENDANT WAS SEARCHED ABSENT A WARRANT

Because trial counsel did not review the discovery provided to him, he failed to determine that a cellphone was searched prior to a warrant being obtained.

### C.   TRIAL COUNSEL'S OVERALL PERFORMANCE WAS INEFFECTIVE

Petitioner submits that trial counsel provided constitutionally ineffective assistance of counsel throughout trial.  This deficient performance includes, but is not limited to, the failure to adequately cross-examine witnesses, the failure to fully understand the evidence, and the failure to present a viable defense to the charges.

### D.   PETITIONER'S CONVICTION AND SENTENCE ARE INVALID

Pursuant to *Riley v. California*, 134 S.Ct. 2473 (2014), Petitioner's conviction and sentence are invalid because the officers searched Edelen's cellphone absent a warrant.

## III.  CLAIMS RELATED TO SENTENCING

### A. TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE WHEN HE WAS NOT PRESENT DURING PETITIONER'S PRESENTENCE REPORT INTERVIEW

Trial counsel was not present to during the presentence report interview.  As a direct result of his failure to provide counsel to the Petitioner, an obstruction of justice enhancement was imposed at the time of sentencing.

### B. PETITIONER SHOULD NOT HAVE BEEN SENTENCED AS A CAREER OFFENDER

Petitioner should not have been sentenced as a career offender because conspiracy to kidnap is not a crime of violence.  Moreover, the convictions relied upon in sentencing Petitioner are invalid as a result of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015).

### C. PETITIONER'S OFFENSE LEVEL SHOULD HAVE BEEN DECREASED BY THREE LEVELS

Petitioner's offense should have been reduced by three levels, pursuant to U.S.S.G. § 2X1.1(b)(2), because the conspiracy was not complete.  Rather, the record is very clear that the defendants' activities were interrupted by law enforcement before there was any clear plan as to how to proceed.

## IV.  CLAIMS RELATED TO APPEAL

### A. APPELLATE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE

Appellate counsel was ineffective for failing to raise several claims including, but not limited to, the failure to raise and preserve Petitioner's claims that the government illegally seized evidence in violation of the Fourth Amendment *(Riley v. California*, 134 S.Ct. 2474 (2014)) and that conspiracy to kidnap is not a crime of violence.

## V. THE CONVICTIONS AND SENTENCES MUST BE VACATED BECAUSE OF THE CUMULATIVE EFFECT OF THE PREJUDICIAL ERRORS MADE IN THIS CASE

14. There are no further sentences to be served after this sentence is complete.

WHEREFORE, Petitioner asks that the court vacate the conviction and sentence in this case, or grant any other relief that this Court deems appropriate.

/s/_____
Mary E. Davis
Davis & Davis
1350 Connecticut Avenue, NW Suite 202
Washington, DC 20036
(202) 234-7300

*Counsel for Darrell Jose Carter*

## VERIFICATION

      I DECLARE under the penalties of perjury that the information above and in the accompanying Memorandum is true and correct.  Executed by counsel for Petitioner on March 22, 2016.

/s/_____
Mary E. Davis
Counsel for Petitioner

Dated: March 22, 2016

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this Motion and the accompanying Memorandum was served upon counsel for the United States on this 22nd day of March 2016 via the Court's CM/ECF System.

/s/_____
Mary E. Davis